AMERICAN EXPRESS COMPANY v. M. S. OGLES.

Decided June 18, 1904.

**1.—Carriers—Express Company—Shipment of Horses—Injury to Attendant.**

An express company contracted with plaintiff's brother to transport certain race horses, the contract providing that certain parties therein named should accompany the horses. Plaintiff was not named among such parties, but his brother pointed him out to the express agent as one of the men to accompany the horses, and no objection was made by the agent or by the conductor of the train. Held, that plaintiff was a passenger and entitled to protection as such against negligent injury occurring during the transportation.

**2.—Same—Liability of Express and Railway Company.**

The express company engaged a train from the railway company for the transportation of the horses and sent an agent along in charge. While the railway company was operating the train over its own tracks for the express company plaintiff was injured through the negligence of the railway company in having a defective track which produced a wreck, causing the horses to knock down a scantling in the partition of the cars, which fell upon plaintiff,—the insecure fastening of the scantling being the negligence of the express company. Held, that the negligence of the railway company was a jointly concurring cause of the injury, and did not exempt the express company from liability therefor.

**3.—Same—Railway Company as Agent of Express Company.**

Under the facts the express company was responsible for the negligence of the railway company which was a mere agent employed by it in the transportation of the horses, and it was therefore immaterial, so far as the express company is concerned, that the court's charge restricted plaintiff's right of recovery to the latter company's negligence.

**4.—Same—Evidence.**

There was no error in admitting the testimony of plaintiff to the effect that no one complained of his presence on the car.

Appeal from the District Court of Van Zandt. Tried below before Hon. R. W. Simpson.

*Alexander & Thompson* and *J. A. Germany,* for appellant.

*Wynn & Blanks,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by appellee against the appellant, the American Express Company, to recover damages for personal injuries sustained by him. There was a verdict for plaintiff and defendant appealed.

*Conclusions of Fact.*—M. S. Ogles, appellee, is a citizen of Van Zandt County. The American Express Company is a corporation engaged in operating its line through the States of Missouri, Illinois, New York and the Dominion of Canada. It also traverses the State of Texas and has a local agent in Van Zandt County. On the 5th of June, 1902, said express company entered into a contract with J. J. Ogles, at St. Louis, Mo., whereby for a valuable consideration it agreed and undertook to transport and forward for said J. J. Ogles certain race horses from St. Louis to Amagon, Province of Ontario, Canada. As a part of said contract and incident thereto, it was agreed that certain parties therein

named should accompany and take charge of said horses to the point of destination. The name of the appellee, M. S. Ogles, is not among the number so named in the written contract. But before the horses were loaded J. J. Ogles pointed out to the agent of the express company his brother, M. S. Ogles, and stated to him that he wanted his said brother to accompany the horses as an attendant, and he did so accompany them, with the knowledge and consent of the agent of the express company and of the conductor of the train.

The train left St. Louis on the 5th of June, and on the 6th of June and when within about eighteen miles of the town of Bellefontaine, in the State of Ohio, it ran into an open switch, causing a serious wreck of the train, and in which the appellee received the injuries here complained of. The cars in which the horses were transported were express cars and were partitioned off in stalls by the express company. The partitions consisted of two by four inches upright pieces, which were to be nailed to the floor of the car and then nailed to the joists at the top of the car. They then used a one by six for the side pieces. There were no cleats on each side of the upright pieces at the bottom. Prior to the wreck the horses were quiet. During the wreck a horse knocked down a scantling composing a part of a partition, which fell upon appellee, striking him across the shoulder and injuring him, whereby he sustained damages in the amount found by the jury. The railroad company was guilty of negligence in permitting the switch to be open at the time; and the express company was negligent in not properly constructing the partitions in the car in which appellee was riding. Such negligence concurring with the negligence of the railroad company in permitting its switch to be open was the proximate cause of appellee's injuries. Additional findings appear in the opinion.

*Opinion.*—1. It is contended that the trial court erred in refusing a special charge instructing a verdict for defendant for the reason that the undisputed evidence showed that the defendant express company had no control or direction over the movements of the train or over the track, nor any control as to who should ride on said train, except certain parties named in the live stock contract, which did not embrace the plaintiff, who, so far as defendant was concerned, was an intruder, and that the derailment of the car and injuries to plaintiff were occasioned solely by reason of the negligence of the railway company,—hence defendant's special instruction should have been given.

The fact that the name of appellee did not appear upon the written contract as one of the attendants who was to accompany the shipment and care for the horses under the evidence, was in our opinion unimportant. He was accompanying the horses as an attendant with the knowledge and consent of the agents of the express company and of the conductor of the train, and the jury so found. Under this finding he was a passenger and entitled to protection as such. Gulf C. & S. F. Ry. Co. v. Carter, 71 S. W. Rep., 73.

2. It is insisted that the court erred in charging the jury as follows: "So if you find from a preponderance of the evidence that plaintiff was on the car, as aforesaid, then if you find further that the stalls in the car were carelessly and loosely nailed up in such manner as a very cautious and prudent person would not have done under the same circumstances, taking into consideration the use to which the car was to be put; and if you further find that the plaintiff was injured as the direct and proximate result of so carelessly and loosely nailing up the stalls, if you should find them so constructed, then you will find for the plaintiff, although you may find that some negligent act of the railway company over whose road the car was being carried contributed to and concurred with the negligence, if any, of the express company."

The contention of appellant is that it must be held as a matter of law under the undisputed evidence that the negligence of the railway company resulting in the wreck was the sole occasion of the injury, and that the negligence averred against appellant was too remote. The evidence shows that the cars which composed the train upon which the horses were being transported at the time of the wreck were the property of the Big Four Railway Company, and the train was being operated by the conductor and agents of that company over a road owned by it. It is argued that this being so, and the evidence showing the injury to have proximately resulted from the negligence of the railway company, the appellant is not liable. The trial court seems to have adopted the view that the express company would not be liable unless it was guilty of negligence and such negligence proximately caused the injuries. The appellee insists that the express company, being a common carrier and having undertaken to forward the horses, is liable for the negligence of the agencies employed by it in making such shipment.

By the terms of the contract the appellant agreed "to forward to the point reached by the express company, which is nearest to destination of the animals hereinafter mentioned," etc. The point of destination mentioned is Amagon, Ontario. It is not contended that appellant is not a common carrier. The contention seems to be that because the appellant, as a means of performing its contract to forward the horses to Amagon, Ontario, employed the agency of the railroad, it is exempt from losses occurring from the negligence of the agents and servants of such railroad. This contention is not sound. Such subsidiary means of transportation was merely an agency employed by the express company for whose acts that company is strictly responsible. Hutch on Carr., sec. 70; Buckland v. Adams Exp. Co., 97 Mass., 124; Bank of Kentucky v. Adams Exp. Co., 93 U. S., 174; Hooper v. Wells, 27 Cal., 11.

In this case the train upon which the appellee was riding at the time he was injured was a through express train, employed by the express company to transport and forward the race horses, and their equipment, owners and attendants. It was an extra train made up for the purpose of carrying these horses. The express company obtained the cars and

the engine by which they were pulled from the Big Four Railway Company, for the purpose of making this shipment. The train was operated by the servants and agents of said railway company over its track. It had but one passenger coach, a chair car, for the use of the owners of the horses and their employes. The shipment was accompanied by the messenger of the express company. We think it clear under the facts that the express company became and was responsible for the negligence of the railway company, it being a mere agent employed by it for the transportation and forwarding of the horses. In addition to the authorities above cited, see Byrne v. Kansas City Ry. Co., 61 Fed. Rep., 610; Black v. Merchants Transp. Co. (Tenn.), 6 S. W. Rep., 881.

Under this holding it is immaterial, so far as appellant is concerned, that the court restricted the right of recovery by appellee to the negligence of the express company in failing to use proper care in constructing the stalls for the horses. The charge complained of is more favorable to appellant than the law requires. It seems to be conceded by appellant that the railway company was negligent, and it contends that such negligence was the proximate cause of the appellee's injury. If this is true, it follows, under the views above expressed, the appellant, as a matter of law, was liable. The case of Railway Co. v. Carter, supra, decided by this court, is cited by appellant as authority for the proposition that the appellant is not liable in this case. The question there decided was the liability of a railway company for damages to an attendant accompanying a shipment of race horses by the Wells-Fargo Express Company, in an express car which was being hauled by the railroad company over its track, for injuries resulting from a defect in such track. In that case we held that the railroad company was liable. The question whether the express company was liable was not before us and was not decided.

It would seem that in cases like the present both the express company and the railroad company would be liable, and an action will lie in favor of the injured party against either or both companies. Hutch on Carr., sec. 70; Cooley on Torts, 2 ed., p. 164; New Jersey S. Nav. Co. v. Merchants Bank, 6 How., 344. The cases of Burton v. Railway Co., 61 Texas, 534, and San Antonio & A. P. Ry. Co. v. Adams, 6 Texas Civ. App., 109, cited by appellant are not in point.

The contention that it was error to admit the testimony of plaintiff that no one complained to him as to his presence on the car, is not sustained. The evidence was admissible. As before stated, there was evidence that the appellant's agent as well as the conductor of the train consented to his riding as an attendant of the horses.

We conclude that no reversible error is pointed out in appellant's brief. The judgment is affirmed.

*Affirmed.*